JEAN BRYAN v. OTIS ELEVATOR COMPANY, a Corporation

No. 6816SC277

(Filed 16 October 1968)

1. Trial § 21— motion to nonsuit

On motion to nonsuit, plaintiff's evidence must be taken as true and considered in the light most favorable to her, resolving all contradictions therein in her favor and giving her the benefit of every inference which can reasonably be drawn from it.

2. Negligence § 31— elevator accident — sufficiency of evidence — res ipso loquitur

In plaintiff's action to recover damages for personal injuries allegedly sustained when an automatic elevator in which she was riding suddenly dropped to the ground floor of a building, the doctrine of *res ipsa loquitur* is inapplicable to carry to the jury the issue of the elevator company's negligence in breaching contractual duty to building owner to maintain the elevator equipment in safe and proper operating condition, since plaintiff's expert evidence fails to show any defect in the safety devices on the elevator but shows only failure of the door-opening mechanism (which, however, was not a cause of plaintiff's injury) and where under the terms of the contract the exclusive control and management of the elevator remained in the building owner and not in the defendant.

3. Contracts § 15; Negligence § 2— negligence arising from breach of contract

In order for a person injured in an elevator accident to recover against the elevator company for its breach of a contractual duty to the owner of the building to maintain the elevator equipment in proper and safe operating condition, the injured person must show that the defendant's breach of the contract was the proximate cause or one of the proximate causes of the injury.

4. Negligence § 31— res ipsa loquitur

The rule of *res ipsa loquitur* never applies when the facts of the occurrence merely indicate negligence by some person and do not point to the defendant as the only probable tortfeasor, and in such case the action must be nonsuited unless additional evidence is introduced which eliminates negligence on the part of all others who had control of the instrument causing plaintiff's injury.

Appeal by plaintiff from *Carr, J.,* 15 April 1968, Civil Session, General Court of Justice, Superior Court Division, Robeson County.

Plaintiff alleged that on 15 April 1966, while employed as a legal secretary with an office on the second floor of a two-story building in Lumberton, North Carolina, she entered an automatic elevator serving the occupants of the building for the purpose of descending from the second floor to first floor. She alleged: "Immediately thereafter said elevator proceeded normally for one or two feet and then

suddenly dropped to the ground floor of the building, stopping with such impact as to cause the injuries to plaintiff hereinafter described. After said elevator stopped, plaintiff was unable to open the door in spite of her pushing the proper button with the result that plaintiff was imprisoned in said elevator for approximately thirty minutes during which time she suffered excruciating pain from her injuries and great mental anguish as the result of being confined and imprisoned in said elevator."

Plaintiff further alleged that her injuries were proximately caused by the negligence of the defendant in four respects as follows: "(a) The failure and neglect of defendant to maintain said elevator in a safe and proper manner, fit for the use for which it was intended. (b) Failure and neglect of defendant to warn plaintiff of the faulty and hazardous condition of said elevator; (c) Failure and neglect of defendant to provide appropriate safety devices on said elevator to keep it from suddenly dropping from the second floor to the first floor. (d) Failure and neglect of defendant to keep said elevator in proper repair."

At the close of the plaintiff's evidence, the defendant made a motion for judgment as of nonsuit. This motion was sustained, and from the dismissal of the action, the plaintiff appealed.

*W. Earl Britt, N. L. Britt, and Henry & Henry by W. Earl Britt, Attorneys for plaintiff appellant.*

*Dupree, Weaver, Horton, Cockman & Alvis by F. T. Dupree, Jr., Attorneys for defendant appellee.*

CAMPBELL, J.

[1] The evidence of the plaintiff must be taken to be true and must be considered in the light most favorable to her, resolving all contradictions therein in her favor, and giving her the benefit of every inference in her favor which can reasonably be drawn from it. *Anderson v. Carter,* 272 N.C. 426, 158 S.E. 2d 607.

[2] The evidence for the plaintiff tends to show she was employed as a legal secretary with an office on the second floor of a two-story building in Lumberton. The building was served by an automatic elevator. On 15 April 1966, at noon, the plaintiff pushed the elevator button on the second floor. The elevator came up and the door opened automatically. The plaintiff entered the elevator and pressed the number one button in order to go to the first floor. It started down normally, and the plaintiff, who was alone in the elevator, was

aware of a normal noise as it was moving. The noise ceased and the elevator dropped. She did not remember any sensation of the elevator speeding up. When it stopped at the first floor, she did not fall. However, her knees buckled and she felt an awful pain in her stomach. The door to the elevator did not open, causing her to become scared. She testified: "I was scared to death; I thought I would run out of air, that the air would just be gone, burn itself up. I was afraid I would not be able to get out; didn't know what would happen if it caught on fire or what would happen." She rang the alarm bell and succeeded in attracting the attention of another occupant of the building. It took some thirty minutes before she and the other occupant of the building were able to get the door to open. During this time she was trying to force it open from the inside, while the other person was pushing from the outside. The elevator was sitting at the first floor level. After lunch plaintiff returned to her work, but she experienced some spotting of blood later in the afternoon. This became more evident that night and she went to the hospital. The next night she had a miscarriage. She missed one week of work. The plaintiff had experienced similar bleeding some two or three days prior to the episode in the elevator.

Her doctor testified that while it was possible that the fall could have caused the miscarriage, he would not say that it probably did, for there are a lot of causes of miscarriage. The plaintiff offered no evidence as to any defects in the up and down mechanical operation of the elevator. She testified that she continued to work in the same building, and that while she did not use the elevator anymore herself, she did know that it continued in operation.

The plaintiff offered an expert witness in the mechanism and operation of elevators. In answer to hypothetical questions, this witness testified that in his opinion there was nothing wrong with the mechanism of the elevator relating to its going up and down, but that there was a malfunction in the door-opening device. He further testified that there could have been several causes for the failure of the doors to operate properly which an ordinary inspection of the elevator would not reveal. Among other things, lint could have gotten between the contacts of the electric switch, thereby causing an interruption in the power control of the doors. He also testified that the safety devices were working properly.

On direct examination the plaintiff's expert testified:

"Q. If the jury should find on the occasion which we have under inquiry, that she entered the elevator and punched the door button to go to the bottom floor, and it descended

suddenly and stopped, the doors wouldn't open and she couldn't open them manually, were the safety devices on there working properly?

A.  Yes, sir, I would consider they were working properly."

Again the same expert witness testified that if the elevator descended and stopped level with the floor: "I would say the elevator was operating properly."

[3]   The plaintiff relies upon a contract between the defendant and the owner of the building, pursuant to which the defendant agreed to use trained and qualified persons to keep the equipment properly adjusted, and "they will use all reasonable care to maintain the elevator equipment in proper and safe operating condition." Defendant further agreed to examine the elevator periodically as to all safety devices and governors and to make an annual safety test. The contract further provided: "It is agreed that we do not assume possession or management or any part of the equipment but such remains yours exclusively as the owner thereof." The plaintiff contends that the defendant negligently breached the duty of due care which arose out of this contract. However, the defendant is not guilty of actionable negligence in the absence of a breach which was the proximate cause or one of the proximate causes of plaintiff's injury. *Jones v. Elevator Co.*, 234 N.C. 512, 67 S.E. 2d 492.

[4]   The plaintiff is relying on the doctrine of *res ipsa loquitur.*

"The rule of *res ipsa loquitur* never applies when the facts of the occurrence, although indicating negligence on the part of some person, do not point to the defendant as the *only* probable tortfeasor. In such a case, unless *additional evidence,* which eliminates negligence on the part of all others who have had control of the instrument causing the plaintiff's injury is introduced, the court must nonsuit the case." *Kekelis v. Machine Works,* 273 N.C. 439, 160 S.E. 2d 320.

[2]   In the instant case plaintiff's evidence fails to show any defect in any of the safety devices on the elevator. When she entered the elevator and pressed the button to go to the first floor, the elevator started down normally. Then the noise ceased and the elevator dropped. The plaintiff braced herself by catching on the sides. The elevator, which did not hit anything, stopped so that her knees buckled and she had an awful pain in her stomach. The only defect shown by the plaintiff's evidence was the failure of the doors to open. However, this failure did not produce any injury to the plaintiff since her evidence was to the effect that the pain she sustained was prior to ascertaining that the doors would not open.

The elevator was a so-called automatic elevator, and the defendant did not have exclusive control or management of this instrumentality. In fact, the contract itself specifically provided that the defendant did not assume possession or management or any part of the equipment but same was to remain exclusively in the possession, management and control of the owner. We hold that under the facts and evidence in this case, the doctrine of *res ipsa loquitur* does not apply.

The judgment of nonsuit is

Affirmed.

MALLARD, C.J., and MORRIS, J., concur.