No. 47,436

John C. Bias, Jr., *Appellant*, v. Montgomery Elevator Company of Kansas, Inc., *Appellee*.

(532 P. 2d 1053)

Opinion filed March 1, 1975.

*N. Trip Shawver*, of Kidwell, O'Keefe & Williamson, Chartered, of Wichita, argued the cause, and *Terry O'Keefe*, of the same firm, was on the brief for the appellant.

*Donald R. Newkirk*, of Fleeson, Gooing, Coulson & Kitch, of Wichita, argued the cause, and *Larry W. Wall*, of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

Owsley, J.: The plaintiff, John C. Bias, Jr., brings this action against the defendant, Montgomery Elevator Company of Kansas, Inc., for personal injuries sustained when he was a passenger in a falling elevator at St. Francis Hospital in Wichita, Kansas. Plaintiff

relies on the doctrine of *res ipsa loquitur* to establish the negligence of defendant who was responsible for the maintenance of the elevator under an exclusive service contract. The trial court held *res ipsa loquitur* was not applicable and sustained a motion for a directed verdict at the close of plaintiff's evidence. Plaintiff appeals from this judgment.

The elevator, which was automatic, was installed by the manufacturer, Otis Elevator Company, in May, 1958, and at the time of the accident was owned by the hospital. Plaintiff entered the elevator on the fourth floor. When the elevator stopped at the second floor he heard a "crack" or "pop" over his head and the elevator fell to the bottom of the shaft in the basement, resulting in his alleged injuries.

Alvin Fisher, an employee of defendant, testified that he personally maintained and serviced the hospital's elevators under a full maintenance contract with the hospital requiring defendant to check all parts, oil, grease, lubrication, contact switches, motors, generators, and machines. There were eighteen elevators at St. Francis Hospital under contract with defendant and they were serviced every week. No one was authorized to do any maintenance or repair work on these elevators other than defendant. Fisher stated defendant was responsible for the complete supervision and control of the maintenance, repair and operation of the elevators.

An examination of the records of defendant verified that on July 3, 1970, defendant was called to repair this elevator because the doors were not operating properly. It was the only indication of any problem with this elevator prior to the accident.

Fisher testified that after the accident he checked the switches in the elevator and there was nothing mechanically wrong; however, neither the governor switch nor the contact switches had been tripped by the falling elevator. The governor switch and contact switches are safety devices which cause the elevator to stop automatically if it overspeeds.

As to the cause of the accident, Fisher could only speculate, although he did point out that the unit worked properly both before and after the accident. A thorough inspection revealed nothing which might explain such an occurrence, and no repairs were needed to put the elevator back in service after the accident.

Plaintiff contends under normal circumstances an automatic passenger elevator would not fall as it did on this occasion unless there was negligence on the part of defendant. This argument

raises the question of the applicability of *res ipsa loquitur* against an elevator maintenance company for an injury caused by a defective elevator.

The doctrine of *res ipsa loquitur* has been construed and applied by this court in a vast number of cases and under widely divergent factual situations. The phrase is commonly understood to mean "the thing speaks for itself." It is intended to operate solely as a rule of evidence rather than as substantive law. (*Chandler v. Anchor Serum Co.*, 198 Kan. 571, 426 P. 2d 82.) Essential to the application of the doctrine in any given case are three conditions. First, it must be shown that the thing or instrumentality causing the injury or damage was within the exclusive control of the defendant. Second, the occurrence must be of such kind or nature as ordinarily does not occur in the absence of someone's negligence. Third, the occurrence must not have been due to the contributory negligence of the plaintiff. (*Vieyra v. Engineering Investment Co., Inc.*, 205 Kan. 775, 473 P. 2d 44; *Blue Stem Feed Yards v. Craft*, 191 Kan. 605, 383 P. 2d 540.)

The rationale behind the doctrine is said to be that when the defendant has exclusive control of the instrumentality he has it within his power to produce evidence of the cause of the injury, while the plaintiff is without such knowledge and must therefore rely on proof of the circumstances. (*Worden v. Union Gas System*, 182 Kan. 686, 324 P. 2d 501.)

Testing the evidence produced in the instant case against the necessary elements for invocation of the doctrine, we conclude the trial court was correct in ruling this case was inappropriate for submission to the jury solely on the theory of *res ipsa loquitur*. We agree with plaintiff that an elevator would not ordinarily fall unless someone was negligent; however, plaintiff has the burden of showing that the negligence can reasonably be attributed to defendant. This can be accomplished by showing that defendant had exclusive control of the instrumentality.

As to the nature of the requisite control, it has been held that the word "exclusive" does not connote that such control must be individual and the defendant singular. (*Hillas v. Westinghouse Electric Corp.*, 120 N. J. Super. 105, 293 A. 2d 419.) In fact, it is well settled in this state that the doctrine of *res ipsa loquitur* is applicable to multiple defendants. (*Worden v. Union Gas System*, supra; *Nichols v. Nold*, 174 Kan. 613, 258 P. 2d 317, 38 A. L. R. 2d 887.)

According to Prosser, Torts, 4th Ed., § 39, p. 211, in order to establish exclusive control it is not necessary for the plaintiff to eliminate all other possible causes of the accident. All that is required is that the plaintiff produce sufficient evidence from which a reasonable man could say that on the whole it was more likely than not there was negligence on the part of the defendant. If the evidence establishes that it was at least equally probable the negligence was that of another, the court should refuse to submit to the jury the negligence of the defendant on the theory of *res ipsa loquitur*. This rule was recognized in *Stroud v. Sinclair Refining Co.*, 144 Kan. 74, 58 P. 2d 77, where it was said:

". . . But such a showing is not sufficient where the evidence offered suggests with equal force that the injuries might have resulted without fault of the defendant. . . ." (p. 76.)

A leading case in this state illustrating the control requirement and containing an exhaustive analysis of *res ipsa loquitur*, is *Mayes v. Kansas City Power & Light Co.*, 121 Kan. 648, 249 Pac. 599. That case arose from an injury to the plaintiff when he was struck on the head by a falling street light globe. Suit was brought against the defendant light company which had manufactured, installed, and maintained the instrumentality causing the injury. This court held the case as a whole was proper for the application of *res ipsa loquitur*. Proof of the casualty and of the surrounding circumstances was such as to leave no reasonable conclusion to be drawn therefrom other than the accident occurred as a result of the negligence of the defendant.

In discussing the doctrine of *res ipsa loquitur*, the court said:

". . . The lamp and fixtures were such that ordinarily no injury would be expected from their use if carefully constructed and maintained. Although defendant was not an insurer of the safety of those who use the streets, the duty of carefully constructing and maintaining the lamp so that it would not be likely to cause injury to those who rightfully used the street, was upon the defendant, under its contract with, and the ordinances of, the city, and the injury happened without any voluntary action of plaintiff." (p. 655.)

As noted, the defendant in the *Mayes* case designed, constructed, installed and maintained the street light. Consequently, the defendant had exclusive control of the street light from its inception. Whether the accident was caused by faulty design, negligent manufacturing, improper installation, or lack of due care in servicing, the defendant would necessarily have been solely responsible. The court could reasonably conclude that in ordinary circumstances

the injury would not have occurred if the defendant had used due care.

In *Daniel v. Otis Elevator Co.*, 154 Kan. 293, 118 P. 2d 596, this court was faced with a factual situation similar to the instant case. The plaintiff was injured by a falling non-automatic elevator and subsequently brought an action against the elevator maintenance company based on the theory of *res ipsa loquitur*. On this occasion the doctrine was held not to apply, primarily for the reason defendant was not in exclusive control of the elevator. Although the court relied on the probable negligence of the elevator operator as an intervening cause, it was emphasized the maintenance contract was insufficient to establish exclusive control. The surrounding circumstances were such that the court was unable to conclude the accident occurred as a result of the negligence of the maintenance company. This was especially true, the court said, where the evidence failed to disclose anything wrong with the elevator before or after the accident, but did disclose the elevator was manned by an operator who might have been negligent.

The only other Kansas case which discusses the doctrine in connection with a falling elevator accident is *Vieyra v. Engineering Investment Co., Inc.*, supra, in which a lessor was sued by an employee of the lessee for damages when a freight elevator broke and fell to the bottom of the shaft. Again, the doctrine was held not to apply since the lessor did not have exclusive control over the elevator.

While other jurisdictions have considered the applicability of *res ipsa loquitur* to an elevator maintenance company, no clear principle of law has developed. Numerous jurisdictions have refused to apply the doctrine due to the lack of control by the maintenance company. (*Parise v. Otis Elevator Co.*, 100 Ohio App. 200, 136 N. E. 2d 113; *Koch v. Otis Elevator Co.*, 10 A. D. 2d 464, 200 N. Y. S. 2d 700; *Bryan v. Elevator Co.*, 2 N. C. App. 593, 163 S. E. 2d 534.) Even where the doctrine has been applied, the courts usually indicate that if there was proof of a real possibility other forces could have caused the elevator malfunction, then the doctrine would be inappropriate. Accordingly, the majority of jurisdictions agree *res ipsa loquitur* is inapplicable where the injured party fails to exclude other possible causes of the injury. (*Hillas v. Westinghouse Electric Corp.*, supra.)

In *Kekelis v. Machine Works*, 273 N. C. 439, 160 S. E. 2d 320, the court stated:

"The rule of *res ipsa loquitur* never applies when the facts of the occurrence, although indicating negligence on the part of some person, do not point to the defendant as the *only* probable tortfeasor. In such a case, unless *additional evidence,* which eliminates negligence on the part of all others who have had control of the instrument causing the plaintiff's injury, is introduced, the court must nonsuit the case. . . ." (p. 444.)

In the instant case the evidence discloses there were other equally possible causes of the accident in addition to the possibility of defendant's negligence. The operation of the automatic elevator in this case involved highly complex electrical and mechanical equipment which was designed, manufactured and installed by a company other than defendant. The responsibility of a maintenance company does not extend to manufacturing defects, but is limited to liability for negligence in the performance of its duties. (*Hillas v. Westinghouse Electric Corp.,* supra.) The defendant company had no control over any design defects, mistakes in installation, or any possible faulty construction of the elevator shaft. These are all possible causes of the accident which would not have been subject to the control of defendant. Plaintiff has introduced no evidence which would indicate it is probable the accident was caused by negligent servicing rather than by negligent manufacturing or installation. There was testimony to the effect that even proper maintenance or service could not prevent a momentary interruption of the power supply, or that power shorts and grounds in the electrical system could possibly deactivate a switch. In order to recover under the theory of *res ipsa loquitur,* plaintiff must present sufficient evidence from which it is reasonable to infer that more likely than not the cause of the fall was one for which defendant was responsible. Plaintiff failed to produce the facts essential to permit the use of the doctrine.

The judgment of the lower court is affirmed.