327 So.2d 113 (1976)
COMMERCIAL UNION INSURANCE CO., and Otis Elevator Company, Appellants,
v.
Sonja STREET, Appellee.
No. 75-199.
District Court of Appeal of Florida, Second District.
February 20, 1976.
Gary M. Witters, of Allen, Dell, Frank & Trinkle, Tampa, for appellants.
David A. Maney of Gordon & Maney, and Mulholland & Hapner, Tampa, for appellee.
SCHEB, Judge.
Is res ipsa loquitur an applicable doctrine on which to predicate an elevator company's liability where the plaintiff is injured as a result of a malfunction of one of its elevators? The trial court held it was, notwithstanding a maintenance agreement stipulating that the hospital was in possession and control of the elevator, since the evidence revealed the elevator manufacturer was the installer and exclusive maintenance agent. We agree and affirm the judgment on the jury's verdict for the plaintiff.
Plaintiff, age 61, is employed by St. Joseph's Hospital. She testified she got on the elevator at the third floor of the hospital and pushed the ground button  that the elevator went "zoom" and went down and bounced. She caught herself on the handrail and the elevator returned to the seventh floor, did not open, then dropped to the sixth floor, and stopped. The door opened and she got out.
The defendant, Otis, manufactured and installed the elevators in St. Joseph's Hospital and maintains them under a contract which stipulates that possession and control over the elevator resides exclusively in the Hospital. Mr. Tessier, the Tampa manager for Otis, testified that in response to notice of the plaintiff's accident, he sent a repairman to the Hospital, who after making a thorough inspection, reported he *114 could not locate any malfunction. Mr. Johns, Otis's maintenance supervisor, testified the elevator was in compliance with all safety codes and there was no evidence after the accident to indicate there had been any "free fall" at the time of the accident, but he declined to say that the accident could not have happened as the plaintiff testified.
Otis Elevator Company and its insurer, defendants below, contend the trial court erred in instructing the jury that the doctrine of res ipsa loquitur was applicable in face of a maintenance contract between Otis and St. Joseph's Hospital, which specifically provided that possession and control over the elevator was vested in the Hospital where appellee/plaintiff's accident occurred. The jury was instructed that the doctrine was applicable to the plaintiff's cause of action where damages resulted from the injuries she received at the Hospital as a result of its elevator abruptly stopping and falling.
Appellants moved for a directed verdict on grounds there was no evidence that established Otis's exclusive control of the elevator in question. This motion and a motion for new trial were both denied. The only meritorious question on appeal concerns the propriety of the court's instruction on the doctrine of res ipsa loquitur under the circumstances of this case. There is a split of authority on the propriety of a res ipsa instruction being given in a case of this type. See 64 A.L.R.3d 950 (1975). Florida courts have not ruled on the point.
Florida courts have established three requirements for the application of res ipsa loquitur:
(1) The instrumentality involved was within the exclusive control of the defendant both as to operation and inspection;
(2) The injury was not the result of voluntary action or contributory negligence on the part of the plaintiff; and
(3) The accident would not have occurred had the defendant used due care.
Cortez Roofing, Inc. v. Barolo, Fla.App.2d 1975, 323 So.2d 45, citing Brooks v. Plant, Fla.App.2d 1974, 296 So.2d 71.
Res ipsa loquitur is applicable where, as here, the defendant manufactures, installs, and maintains an automatic passenger elevator even though the maintenance contract purports to place control or possession in the building owner. The crucial point is the actual control of the elevator system, rather than the contractual agreement. Otis Elevator Co. v. Seale, 5th Cir.1964, 334 F.2d 928; Mallor v. Wolk Properties, Inc., Sup.Ct.N.Y. 1969, 63 Misc.2d 187, 311 N.Y.S.2d 141; Bond v. Otis Elevator Co., Tex. 1965, 388 S.W.2d 681. A different result might be reached where the elevator was manufactured, installed and maintained by different entities. See Bias v. Montgomery Elevator Co., 1975, 216 Kan. 341, 532 P.2d 1053. We reject the principle set forth in Bryan v. Otis Elevator Co., 1968, 2 N.C. App. 593, 163 S.E.2d 534, which enables an elevator company to avoid application of the doctrine simply because its maintenance contract provides for control of the elevator by its owner.
There was competent medical evidence to support the plaintiff's testimony of permanent injuries resulting from the accident. The jury returned a verdict of $27,000 for the plaintiff and while the appellants also contend the court erred in failing to grant their motion for a new trial or a remittitur, we have examined these contentions and find them without merit.
Affirmed.
HOBSON, Acting C.J., and GRIMES, J., concur.