408 So.2d 659 (1981)
Beverly FERGUSON and Emanuel Edelstein and George Goldblum d/b/a MG Investments, Appellants,
v.
WESTINGHOUSE ELECTRIC CORPORATION and Liberty Mutual Insurance Company, Appellees.
No. 81-190, 81-850.
District Court of Appeal of Florida, Third District.
December 29, 1981.
Rehearing Denied February 4, 1982.
*660 Pelzner, Schwedock, Finkelstein & Klausner and Joseph J. Finkelstein, McCormick, Bedford & Backmeyer and Thomas E. Backmeyer, Miami, for appellants.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and James C. Blecke, Miami, for appellees.
Before BARKDULL, HENDRY and FERGUSON, JJ.
BARKDULL, Judge.
Beverly Ferguson, an employee of a tenant in a building owned by M.G. Investments, entered the cab of an automatic elevator on the tenth floor. The elevator started down, picked up speed and came to a sudden stop at the sixth floor, due to the third strata of emergency stopping devices. The stop was abrupt, like a "bomb going off in the building". The plaintiff was thrown to the floor of the elevator cab, suffering injuries.
Ferguson brought suit against Emanuel Edelstein and George Goldblum, d/b/a M.G. Investments, as owner of the building including the elevator and the automatic cab thereof, and Westinghouse Electric Corporation, the company that designed, manufactured, installed and serviced the elevator pursuant to a written agreement with M.G. Investments. M.G. Investments crossclaimed against Westinghouse, contending that if it was liable to the plaintiff the cross-defendant was liable over to the cross-plaintiff because of their contractual relationship.
At trial, the plaintiff presented her case under the theory of res ipsa loquitur. At the conclusion of the plaintiff's case, the trial court directed a verdict and ultimately entered a final judgment for both defendants on plaintiff's claim and subsequently entered a final judgment for the cross-defendant on the crossclaim because of the judgment theretofore entered on the directed verdict. The plaintiff has appealed the adverse final judgment entered on the directed verdict at the conclusion of her case, and M.G. Investments has appealed the adverse final judgment on its crossclaim. The cases have been consolidated for disposition in this court.
We reverse both final judgments. The plaintiff was a business invitee in the building owned by the defendant, M.G. Investments. She entered an automatic elevator cab in a highrise building and the elevator "had a momentary interruption of normal operation", which caused it to come to other than a normal stop causing injuries to her. The evidence disclosed that the plaintiff did nothing to cause the cab to come to an abrupt stop. The defendants had complete ownership and control of this automatic elevator cab.[1] Such a vehicle is uniquely under the control and maintenance of the defendants and the doctrine of res ipsa loquitur *661 is particularly applicable in elevator cab cases. Commercial Union Insurance Co. v. Street, 327 So.2d 113 (Fla. 2d DCA 1976); Otis Elevator Co. v. Seale, 334 F.2d 928 (5th Cir.1964); Bond v. Otis Elevator Co., 388 S.W.2d 681 (Tex. 1965); 21 Fla. Jur.2d, Elevators and Escalators, § 10; 26 Am.Jur.2d, Elevators and Escalators, §§ 67-69; Anno., 64 A.L.R.3d 950, § 15, page 978.[2]
We reverse both final judgments and return the matter to the trial court for purposes of a new trial.
Reversed and remanded with directions.
NOTES
[1] M.G. urges that the directed verdict was correct as to it because it did not control or maintain the elevator; this was the contract responsibility of Westinghouse. M.G. may prevail on its crossclaim if it is ultimately held liable to the plaintiff, but the maintenance contract will not relieve M.G. from liability to passengers injured in the elevator cab owned by it, which partakes of a dangerous instrumentality. Commercial Union Insurance Co. v. Street, supra; Tippecanoe Loan & Trust Co. v. Jester, 180 Ind. 357, 101 N.E. 915 (1913); Compare: Mills v. Krauss, 114 So.2d 817 (Fla. 2d DCA 1959).
[2] Anno., 64 A.L.R.3d 950.