## COURTESY FORD, INC. v. JOHNSON
Case No. 82-023-AP
Eleventh Judicial Circuit, Appellate Division, Dade County
September 8, 1982

Peter M. Feaman, for appellant.

Allan C. Gold, for appellee.

Before GOLDMAN, HENDERSON and FARINA, J.J.

GOLDMAN, Judge.

Courtesy Ford appeals from a $327.00 final judgment entered in favor of the Plaintiff.

We reverse.

In June of 1980, the Plaintiff took her 1961 Ford Ranchero into Courtesy Ford for a clutch repair. After the clutch was repaired, but while Courtesy still had possession of the vehicle, the used battery in the Ford exploded.[1] The Plaintiff sued Courtesy for the damage to her car's paint caused by the battery explosion.

At the trial, the Plaintiff and her father testified solely about the damaged condition of the Ford. No testimony was presented to show that Courtesy was negligent in the clutch repair or had done anything to cause the battery to explode. On the other hand, the defendant's expert testified that the repair work done to the clutch was performed in a workmanlike manner, and nothing had been done in a negligent fashion to cause plaintiff's battery to explode.[2] The expert further testified that

---

[1] The Ford was eighteen years old and had over 100,000 miles on it at the time of the explosion. The battery itself was at least three years old and had been purchased used originally.

[2] The repair work was done on the fly wheel, a mechanical part of the clutch. The expert testified that there was no relationship between the clutch repair and the electrical system of the Ford that would cause the battery to explode.

it is not an unusual occurrence for a battery in a plastic casing to explode. After denying the Defendant's motion for a directed verdict, the trial court ruled in favor of the Plaintiff, and awarded damages in the amount of $327.00.

Courtesy claims that no evidence was presented to show that it was negligent or caused the accident, and therefore the judgment in favor of the Plaintiff was improper. Before a Defendant can be held liable for damages for negligence, the Plaintiff must establish the existence of a duty on the part of the Defendant, the failure of the Defendant to perform that duty, and damages sustained as the proximate cause of the breach. *Clark v. Bowing Co.*, 395 So.2d 1226 (Fla. 3rd DCA 1981). In the absence of direct proof of negligence, a plaintiff can create an inference of negligence with the doctrine of res ipsa loquitur. For this doctrine to apply, the Plaintiff must show three things. First, the instrumentality involved must be within the exclusive control of the Defendant. Second, the injury must not be the result of negligence on the part of the Defendant. Third, the accident must be the type that does not ordinarily occur in the absence of negligence. *Goodyear Tire & Rubber Co. v. Hughes Supply, Inc.*, 358 So.2d 1339 (Fla. 1978); *Commercial Union Insurance Co. v. Street*, 327 So.2d 113 (Fla. 2d DCA 1976).

The mere occurrence of an accident, however, does not give rise to an inference of negligence. *Cassel v. Price*, 396 So.2d 258 (Fla. 1st DCA 1981); *Lash v. Noland*, 321 So.2d 104 (Fla. 4th DCA 1975); *City Cab Co. of Orlando, Inc. v. Green*, 308 So.2d 540 (Fla. 4th DCA 1975). If negligence is not established by the Plaintiff, it is the duty of the trial court to direct a verdict for the Defendant. *Cassel v. Price*, supra; *Stolmaker v. Bowerman*, 100 So.2d 659 (Fla. 3d DCA 1958).

Here, the Plaintiff failed to produce any evidence that Courtesy's negligence, if any, caused the Ford battery to explode. The doctrine of res ipsa loquitur also fails. The expert witness testified that this was the type of accident that could occur in the absence of negligence. He testified that he had seen at least fifty batteries in plastic cases explode within six years "on new cars or old cars, whatever, due to loose connections, dirty battery cables and plastic batteries being made today instead of the old hard rubber batteries"[3]. No other explanation was offered for the battery explosion.

Thus, there was no evidence presented or inference created that Courtesy breached any duty of care to the Plaintiff or did anything that

---

[3]The expert further testified that it is not an unusual occurrence for a battery in a plastic casing to explode. After denying the Defendant's motion for a directed verdict, the trial court ruled in favor of the Plaintiff, and awarded damages in the amount of $327.00.

might have caused the battery to explode. The mere explosion of the battery is not sufficient evidence to support an inference of negligence. Therefore, we conclude that the trial court erred in not directing a verdict in favor of the Defendant.[4]

The judgment for the Plaintiff is reversed with directions that judgment be entered for Courtesy Ford.

---

[4]We find it unnecessary to reach the issue that there was no proof of damages.