499 So.2d 12 (1986)
Mary P. LORD and Carol Lord, Her Husband, Appellants,
v.
J.B. IVEY & COMPANY and Otis Elevator Co., Appellees.
No. BI-461.
District Court of Appeal of Florida, First District.
December 8, 1986.
Rehearing Denied January 20, 1987.
*13 Howard C. Coker and Daniel C. Shaughnessy of Coker, Myers & Shcickel, P.A., Jacksonville, for appellants.
Dennis R. Schutt of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for appellee J.B. Ivey & Company.
Christopher A. White of Neder & White, P.A., Jacksonville, for appellee Otis Elevator Co.
PER CURIAM.
The Lords appeal a final judgment entered on an adverse jury verdict in their action for personal injuries sustained when an escalator, maintained by Otis Elevator Company and located in Ivey's department store, stopped suddenly. They raise four points on appeal.
The first point contends that the trial court erred in declining to give, at plaintiffs' request, Florida Standard Jury Instruction 4.6 on res ipsa loquitur. Appellee Otis states that the court denied the requested instruction on the premise that "[i]f there is any evidence of specific negligence, then that doctrine would not come into play" (emphasis added). Appellees contend that the instruction was properly rejected because plaintiffs presented sufficient direct evidence of negligence to render such an instruction improper and unnecessary, relying primarily on Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339 (Fla. 1978). We conclude, however, that the trial court applied the wrong legal standard in denying the instruction because there need not be a complete absence of direct proof in order to permit the giving of the instruction. We hold that the evidence of specific negligence in respect to the stopping distance of the escalator did not deprive plaintiffs of the res ipsa inferences with respect to further negligence relating to the cause of the sudden stop of the escalator, and that the evidence of potential causes of a sudden stop was not sufficiently extensive to furnish a full and complete explanation of the occurrence and thus warrant denial of the requested instruction. E.g., Marrero v. Goldsmith, 486 So.2d 530 (Fla. 1986); Ferguson v. Westinghouse Electric Corp., 408 So.2d 659 (Fla.3d DCA 1982); Commercial Union Insurance Co. v. Street, 327 So.2d 113 (Fla.2d DCA 1976). Accordingly, the judgment is reversed and the cause remanded for a new trial.
We find no merit in the remaining three points raised by appellants. The trial court did not err in directing a verdict for Ivey's on the claim of direct negligence by that defendant because the record contains no evidence to support that count of the complaint. Nor, in view of the deficiencies in the predicate laid by plaintiffs in their attempt to establish the relevance of such other accidents, did the court err in refusing to admit the proffered evidence of other accidents. Finally, plaintiffs' motion for a directed verdict in their favor was completely unsupported by the record, and it was not error for the trial court to deny it.
REVERSED and REMANDED for new trial.
SHIVERS, ZEHMER and BARFIELD, JJ., concur.