**LARRY D. HUDSON, LDH, INC., et al., Plaintiffs,**

v.

**TOWNSEND ASSOCIATES, INC., Defendant,**

v.

**ATLAS TOWER CORPORATION and Transmission Structures, Ltd., Third–Party Defendants.**

**Civ. A. No. 86–2081–S.**

United States District Court, D. Kansas.

Dec. 16, 1988.

Joseph A. Sherman, E. Wayne Taff, Paul G. Danaher, Sherman, Wickens, Lysaught & Speck, P.C., Joe B. Whisler, Law Offices of Joe B. Whisler, Kansas City, Mo., Cynthia L. Harmison, Sherman, Wickens, Lysaught & Speck, P.C., Overland Park, Kan., for plaintiffs.

Donald Patterson, Michael K. Seck and Steve R. Fabert, Fisher, Patterson, Sayler & Smith, Topeka, Kan., Jerome V. Bales, Wallace, Saunders, Austin, Brown and Enochs, Overland Park, Kan., for defendant and third-party defendants.

MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's renewed motion for summary judgment. Additionally, third-party defendants have filed a motion for partial summary judgment and a memorandum in support of defendant's motion for summary judgment. Plaintiff Insurance Company of North America ("INA") moved to strike third-party defendants' memorandum in support of defendant's motion for summary judgment as a pleading not provided for or authorized by Rule 56 of the Federal Rules of Civil Procedure or the local rules. Many of the facts asserted and issues argued in defendants' motion simply rehash those stated in defendants' original motion for summary judgment filed over a year ago. Despite this duplication, the court has attempted to decipher defendants' new arguments, and will address each of those accordingly.

The uncontroverted facts for purposes of this motion are as follows. This case arises out of the collapse of a television tower in Topeka, Kansas, in the midst of a severe ice storm during the early morning hours of March 19, 1984. Plaintiffs Larry D. Hudson, LDH, Inc., and Midwest Telco, Inc. ("the Hudson Group") owned that tower and plaintiff INA was its insurer. The Hudson Group contracted with defendant Townsend Associates, Inc. ("Townsend") for the selection, design, supervision, construction and inspection of the television tower. Townsend was to play a turnkey role, and in its role, it selected a tower manufactured by third-party defendant Atlas Tower Corporation for the project.

The contract between the parties provided that the tower was to be constructed pursuant to engineering standard EIA 222–C. This is an accepted standard for use in the construction of television towers throughout the industry. The contract further provided that Townsend warranted that "all equipment and goods will be free from defect in material and workmanship." Finally, the contract prohibited assignment by Townsend without prior written consent of the Hudson Group.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). An issue of fact is "material" only when the dispute is over facts that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir. 1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). The language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Plaintiffs brought this cause of action, stating claims for breach of contract, breach of express and implied warranties, negligence as set out in section 323 of the Second Restatement of Torts, negligence invoking a *res ipsa loquitur* standard, and strict liability. The Hudson Group seeks to recover economic loss allegedly suffered at the television station as a result of the tower collapse. INA seeks to recover the amount it paid out to the Hudson Group on the loss of the tower. Plaintiffs also seek punitive damages on the tort claims alleged. Defendant now seeks summary judgment on each of those claims.

■ Defendant first challenges plaintiffs' breach of contract claim; it alleges that the uncontroverted facts show all terms of the contract were met. More specifically, it alleges that the tower was, in fact, built in accordance with standard EIA 222–C as required by the contract. It points to its expert testimony in support of this proposition, and further, defendant attempts to discredit the converse testimony of plaintiffs' expert by attacking his credibility and qualifications. Plaintiff INA is correct in pointing out that such an attack on an opposing party's expert is not sufficient to support a motion for summary judgment. Only a jury may evaluate the credibility of an expert witness, and defendant will certainly be given an opportunity to attack that expert's credibility at trial. Further, the court will not disqualify plaintiff's expert at this stage simply because, as defendant points out, he was not the original drafter of standard EIA 222–C. Of course, if this test were applied, then all experts in the case would need to be disqualified. Defendant further attacks plaintiffs' expert's lack of experience in applying the EIA 222–C standard. However, case law provides that experience is only one factor in determining an expert's qualifications. It is not an essential element. *Exum v. General Electric Co.*, 819 F.2d 1158, 1163 (D.C.Cir.1987). A question of fact is presented regarding whether the tower met the EIA 222–C standard and summary judgment would therefore be inappropriate on plaintiffs' breach of contract claim.

■ Defendant next attempts to attack plaintiffs' express warranty claim. They point to an Atlas brochure containing an express warranty; this brochure was apparently presented to the Hudson Group during negotiation of the contract. Defendant attempts to attack the express warranty claim by asserting that the warranty was only given by Atlas, and that the warranty was not included in the final written contract between the parties. However, a closer analysis of plaintiffs' complaint in this case and the pretrial order shows that the express warranty claim arises out of the contract between the Hud-son Group and Townsend, in which Townsend warranted "all equipment and goods will be free from defect in material and workmanship." A question of fact is present regarding whether this tower was free from defect, in that the parties dispute whether it was properly built in accordance with EIA 222–C. Summary judgment is inappropriate on the express warranty claim.

■ Defendant attempts to attack plaintiffs' negligence claim by asserting that the only duty it owed to plaintiffs arose out of the contract, and all contractual duties were met in this case. Of course, the court has already determined that a question of fact is present regarding whether contractual terms were met. *See supra* p. 210. The uncontroverted facts do show that Townsend contracted with the Hudson Group to play a turnkey role in the project; it promised to properly select, design, supervise, construct and inspect the television tower. Section 323 of the Second Restatement of Torts provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if ... the harm is suffered because of the other's reliance upon the undertaking.

The uncontroverted facts show that Townsend undertook, for consideration, to select, design, supervise, construct and inspect a television tower for the Hudson Group. However, a question of fact is present concerning whether defendant exercised reasonable care in performing that undertaking. Summary judgment would thus be inappropriate.

■ Defendant also attacks plaintiffs' claim of negligence under the *res ipsa loquitur* theory of liability. Townsend's attack on the *res ipsa loquitur* theory is two-pronged. First, defendant contends that *res ipsa loquitur* does not apply because the tower construction was not under

the exclusive control of Townsend. In order for the doctrine to apply, the object which caused the injury must have been within the exclusive control of the defendant. *Bias v. Montgomery Elevator Co.,* 216 Kan. 341, 343, 532 P.2d 1053, 1055 (1975). However, by the terms of the contract, the construction of the tower was under the exclusive control of Townsend. Normally, the negligence of a subcontractor is not imputable to the general contractor. *Phillips Pipeline Co. v. Atlas Cold Storage Company,* 192 Kan. 480, 485, 389 P.2d 766, 771 (1964). Although Atlas worked as the subcontractor and performed the actual construction of the tower, the contract between the Hudson Group and Townsend prohibited Townsend from assigning any part of the contract to another party without the written consent of the Hudson Group. Any negligence on the part of Atlas, then, was imputable to Townsend. The first prong of Townsend's attack on plaintiffs' *res ipsa loquitur* theory fails.

The second prong of that attack alleges that the doctrine should not apply because the collapse of the tower is not the kind of event which will never occur in the absence of negligence. Defendant points out that no one expected the tower to withstand all forces of nature. The parties do not seem to dispute that the tower should have withstood all reasonably foreseeable forces of nature. However, the court would note that it is not entirely convinced that no tower will fall in the absence of negligence. Of course, the court is not an expert on this matter, but will wait to hear the evidence presented by the parties' experts at trial before determining whether to submit plaintiffs' negligence claim to the jury on a *res ipsa loquitur* theory.

■ Defendant next attacks plaintiffs' strict liability theory. It employs the consumer expectation test as set out in section 402A of the Second Restatement of Torts at comment i, and as adopted by Kansas in *Lester v. Magic Chef, Inc.,* 230 Kan. 643, 653, 641 P.2d 353, 361 (1982). Comment i defines unreasonably dangerous as "dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common in the community as to its characteristics." Townsend contends that the ordinary consumer of television towers would not expect a tower to withstand all forces of nature, and further contends that the storm of March 19, 1984, was not reasonably foreseeable. Again, the court would point out that an ordinary consumer might expect a television tower to withstand all reasonably foreseeable forces of nature, and that a question of fact is presented concerning whether the storm of March 19th was reasonably foreseeable. *See supra* page 211. Defendant's argument on this point is rejected.

Defendant goes on to attack plaintiffs' strict liability theory by employing the consumer expectation test and showing that plaintiff INA's underwriting standards in fact show that a collapse under the conditions in question was expected. This bit of evidence is irrelevant to the application of the consumer expectation test, because that test looks to the expectation of the ordinary consumer, not that of an insurance company underwriting the product in question. The underwriting standard certainly does not justify summary judgment in favor of defendant on the strict liability claim.

■ Defendant's next attack on plaintiffs' strict liability claim is that plaintiffs have failed to show a feasible design alternative to that employed on the tower which collapsed. *Garst v. General Motors Corp.,* 207 Kan. 2, 484 P.2d 47 (1971), provides that in evaluating whether a design is defective, a jury may consider whether a safer design is available and feasible. *Id.* at 21, 484 P.2d at 61. However, it does not require that plaintiff establish the existence of a feasible alternative design as an element of the cause of action. While the absence of a feasible alternative may provide strong evidence that a product was not defective, the existence of such a design is not an essential element of a strict liability claim. Summary judgment is therefore inappropriate on this point.

Finally, defendant contends that plaintiffs' strict liability claims should fail because they have not presented competent evidence to establish causation. However, plaintiffs' expert specifically stated at his deposition, and later in an affidavit, that the inadequate design of the tower caused its collapse. Defendant's attack is again simply one aimed at the credibility of plaintiffs' expert. Such an attack is more properly made before a jury, and defendant's motion for summary judgment on the strict liability claim will be denied.

Defendant next contends that as the seller of the television tower in question, it should not be subject to liability in this product liability case by virtue of K.S.A. 60–3306. That statute provides:

A product seller shall not be subject to liability in a product liability claim arising from an alleged defect in a product, if the product's seller establishes that: (a) Such seller had no knowledge of the defect; (b) such seller in the performance of any duties the seller performed, or was required to perform, could not have discovered the defect while exercising reasonable care; (c) the seller was not a manufacturer of the defective product or product component; (d) the manufacturer of the defective product or product component is subject to service of process, either under the laws of the state of Kansas or the domicile of the person making the product liability claim; and (e) any judgment against the manufacturer obtained by the person making the product liability claim would be reasonably certain of being satisfied.

Plaintiffs point out, though, that the essence of their claim is that Townsend, as seller of the Atlas tower, was required to, but did not, exercise reasonable care in supervising the design and construction of that tower. *See* K.S.A. 60–3306(b). Further, defendant provides evidence that the existence of insurance coverage for Atlas in this case is questionable and a judgment against it is not reasonably certain of being satisfied. *See* K.S.A. 60–3306(e). Therefore, summary judgment on this point will be denied.

Defendant next challenges the Hudson Group's claim to damages for economic loss. The Hudson Group did admit during this proceeding that proof of their economic loss would require expert testimony. At the time defendant's original motion was filed, plaintiffs had not yet designated an expert. However, since that time, the magistrate has issued an order allowing the Hudson Group to designate an expert as to their economic loss, and the deposition of that expert was to have taken place several months ago. Defendant has presented the court with no evidence since that time which would show the deposition did not take place or that summary judgment is otherwise in order. Therefore, the motion on this point will be denied.

Finally, defendant challenges plaintiffs' prayer for punitive damages in this case. It alleges that there is no evidence to show gross negligence or reckless disregard for the rights of others at the management level of Townsend. *See Henderson v. Hassur,* 225 Kan. 678, 694, 594 P.2d 650, 663 (1979). However, plaintiffs have shown some evidence which would indicate that despite the fact defendant represented that it possessed expertise in the selection, design, supervision, construction and inspection of television towers, it in fact lacked that expertise. This evidence might be sufficient for a jury to find that defendant was grossly negligent or showed a reckless disregard for the rights of the Hudson Group and INA. Therefore, the prayer for punitive damages will stand and the motion for summary judgment on that point will be denied.

As for third-party defendants' submission and INA's subsequent motion to strike, the court notes that the arguments set out in third-party defendants' memorandum are simply a restatement of those arguments propounded by Townsend in its memoranda in support of its present motion, and the original motion for summary judgment filed over a year ago. INA has already adequately responded to those arguments, and the court has already rejected those arguments. Although the memorandum filed by third-party defendants'

was not specifically authorized by Rule 56 of the Federal Rules of Civil Procedure or the local rules, the court will not strike the pleading, but will simply reject the arguments it advances. As for third-party defendants' motion for partial summary judgment, their request will be denied. Third-party defendants seek summary judgment on Townsend's indemnity claim against it. Third-party defendants point out that if punitive damages are awarded against Townsend, then as a matter of law, third-party defendants cannot be liable in indemnity to Townsend. The motion is premature because punitives have not yet been assessed against Townsend. Therefore, the motion will be denied.

Finding no grounds for summary judgment on any of the claims against Townsend, defendant's motion will be denied in its entirety.

IT IS BY THE COURT THEREFORE ORDERED that defendant Townsend Associates, Inc.'s motion for summary judgment is denied. IT IS FURTHER ORDERED that third-party defendants' motion for partial summary judgment is denied. IT IS FURTHER ORDERED that plaintiff Insurance Company of North America's motion to strike is denied.