Joan SEELY, Plaintiff,

v.

CHAMBERS PLASTERING AND EXTE-
RIOR COATING, INC., Stanley R.
Burleson and U–Haul International,
Inc., Defendants.

Civil Action No. 97–2276–KHV.

United States District Court,
D. Kansas.

Feb. 18, 1998.

J. Mikeal Hagerdon, Shawnee Mission, KS,
for John Seely, Plaintiff.

R. Denise Henning, Richard E. McLeod,
the McLeod Law Firm, Kansas City, MO,
Elizabeth A. Kaplan, Kansas City, KS, for
Chambers Plastering & Exerior Coating Inc.,
Stanley R Burleson, Defendants.

John S Connor, Stacey L. Grorud, Shug-
hart, Thomson & Kilroy, P.C., Kansas City,
MO, for U–Haul International Inc., Defen-
dant.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

This diversity action arises from an auto-
mobile accident. Plaintiff claims that while
Stanley Burleson was driving a rented U–
Haul van, a trailer which had been attached
to the van came loose, crossed the median
and collided with her car. Plaintiff filed suit

against Burleson, Chambers Plastering and Exterior Coating Inc. (Burleson's employer), and U–Haul International, Inc. ("UHI"), which allegedly owned the rental van. Plaintiff contends that UHI is liable for her injuries under three theories: ordinary negligence, negligence per se and *res ipsa loquitur*. Specifically, she claims that UHI was negligent "by allowing an unsafe vehicle to be used in the stream of commerce, by allowing a vehicle under its control to be modified in an unsafe manner, and failing to provide adequate safety chains." *See Final Pretrial Order* (Doc. # 80) entered January 14, 1998, at § 4.0. This matter comes before the Court on *Defendant U–Haul International, Inc.'s Motion For Summary Judgment* (Doc. # 82) filed January 16, 1998. For the reasons stated more fully below, the Court finds that defendant's motion should be sustained.

### *Summary Judgment Standards*

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Vitkus v. Beatrice Co.,* 11 F.3d 1535, 1538–39 (10th Cir.1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248. A "genuine" factual dispute requires more than a mere scintilla of evidence. *Id.* at 252.

The moving party bears the initial burden of showing that there is an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hicks v. City of Watonga,* 942 F.2d 737, 743 (10th Cir.1991). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec. Inc.,* 912

F.2d 1238, 1241 (10th Cir.1990); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir.1991). The nonmoving party may not rest on its pleadings but must set forth specific facts. *Applied Genetics,* 912 F.2d at 1241.

Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative. *Anderson,* 477 U.S. at 250–51. "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." *Conaway v. Smith,* 853 F.2d 789, 793 (10th Cir. 1988). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson* 477 U.S. at 251–52. Ever mindful of these summary judgment standards, we now turn to the merits of defendant's motion.

### *Undisputed Material Facts*[1]

On June 7, 1995, Travis Chambers, owner of Chambers Plastering and Exterior Coating, Inc., rented a U–Haul van from Estes Mini Storage ("Estes") in Arab, Alabama. Estes operates under a U–Haul dealership contract with U–Haul Company of Alabama. UHI provides accounting and clearinghouse functions for related companies such as U–Haul Company of Alabama and U–Haul of New Hampshire, but it does not own, maintain or service U–Haul vehicles which are rented to the public. The title owner of the van, U–Haul of New Hampshire, is a wholly-owned subsidiary of UHI. UHI does not maintain any relationship with Estes.

When Chambers rented the U–Haul van, it had a two-inch trailer ball on the trailer attachment. Chambers needed a larger trailer ball, so he took the van to J.R.'s Garage and Welding—which cut off the U–

---

1. Plaintiff has not responded to defendant's statement of uncontroverted material facts. Accordingly the Court deems them to be true to the extent they are material and supported in the record.

Haul trailer ball and replaced it with Chambers' own trailer ball (which was 2 5/16 inches in diameter). The next day, Chambers and seven of his crew members departed Alabama for Denver, Colorado. Burleson, one of Chambers' employees, was driving the van. The group had traveled over 1,000 miles when on June 9, 1995, the trailer disengaged from the van, crossed the median and struck plaintiff's vehicle.

No one at UHI gave Chambers permission to weld another ball onto the vehicle, and plaintiff has presented no evidence that UHI had notice of the transaction or modification.

### *Analysis*

Plaintiff contends that UHI is liable for her injuries under three negligence theories: ordinary negligence, negligence per se and *res ipsa loquitur.*

### 1. Ordinary negligence

■ To recover for negligence under Kansas law, plaintiff must prove the existence of a duty, breach of that duty, injury and causation between the duty breached and the injury suffered. *McGee v. Chalfant,* 248 Kan. 434, 437, 806 P.2d 980, 983 (1991). To survive summary judgment, plaintiff must offer proof concerning all elements of her claim. *Sharples v. Roberts,* 249 Kan. 286, 292, 816 P.2d 390, 395 (1991) citing *Celotex,* 477 U.S. at 327. The threshold question in any negligence action is whether defendant owed a duty of care to plaintiff. If no duty is owed, there can be no negligence. *See Cansler v. State,* 234 Kan. 554, 558, 675 P.2d 57, 61 (1984). Whether a duty exists is a question of law for the court, while a determination whether that duty was breached is a question of fact for the jury. *Schrader v. Great Plains Elec. Co-op. Inc.,* 19 Kan.App.2d 276, 278, 868 P.2d 536, 538 (1994).

■ Plaintiff has failed to identify any relationship between herself and UHI which arguably gives rise to legal duty. In her complaint, plaintiff alleged that UHI was lia-

ble as the *owner* of the van in question. Plaintiff modified her claim in the pretrial order, and now asserts that UHI was negligent (1) by allowing an unsafe vehicle [owned by it] to be used in the stream of commerce; (2) by allowing a vehicle under its control to be modified in an unsafe manner; and (3) by failing to provide adequate safety chains. The Court will address each theory in turn.

First, plaintiff asserts that UHI was negligent by allowing an unsafe vehicle to be used in the stream of commerce. Plaintiff concedes that the title owner of the van is U–Haul of New Hampshire, but argues that defendant is not entitled to summary judgment because UHI "has failed to provide any evidence that it was not a beneficiary of the contract."[2] Discovery is complete, however, and the onus is on plaintiff to demonstrate that UHI owed her a legal duty. Plaintiff fails to demonstrate that UHI owned or controlled the van in question; indeed she fails to demonstrate that UHI had any knowledge of or involvement in either the rental or the modification at issue.[3] As such, plaintiff has failed to make a showing on the first essential element of her negligence claim. In such a situation, there can be "no genuine issue as to any material fact" because there is a complete failure of proof that UHI owed her a legal duty. Plaintiff's claims that UHI was negligent by allowing a vehicle under its control to be modified in an unsafe manner and that UHI negligently failed to provide adequate safety chains must fail for the same reason. Accordingly the Court finds that UHI is entitled to summary judgment on plaintiff's claim for ordinary negligence.

### 2. Negligence per se

■ Plaintiff's theory of negligence per se fails for similar reasons. Plaintiff claims that UHI is liable under a theory of negligence per se for failing to provide safety chains on the U–Haul (the towing vehicle) in violation of K.S.A. § 8–1907(a). The statute provides:

2. The contract to which plaintiff refers is the receipt that Estes issued to Chambers when he rented the van on June 7, 1995.

3. Plaintiff's argument that UHI is liable to her because Estes gave permission to Chambers to modify the vehicle lacks evidentiary support.

Plaintiff fails to establish that UHI had any relationship with Estes. Accordingly the Court will not consider plaintiff's arguments that UHI is liable for authorized negligent acts of its agents and that UHI could not delegate the trailer ball modification "because hauling of trailers is an inherently dangerous activity."

(a) When one vehicle is towing another, the drawbar, towbar or other connections shall be of sufficient strength to pull, stop and hold all weight towed thereby, and so designed, constructed and installed so as to insure that any vehicle or motor vehicle towed on a level, smooth, paved surface will follow in the path of the towing vehicle when it is moving in a straight line. In addition to the drawbar connections between any two such vehicles, there shall be provided an adequate safety hitch.

K.S.A. § 8–1907(a).

To recover under a theory of negligence per se, plaintiff must establish that UHI violated this statute and that the violation caused her damages. *See Plains Transport, Inc. v. King,* 224 Kan. 17, 25, 578 P.2d 1095, 1101 (1978). Moreover, plaintiff must "establish that an individual right of action for injury arising out of the violation was intended by the legislative body that passed the ordinance." *Kerns v. G.A.C., Inc.,* 255 Kan. 264, 281, 875 P.2d 949, 961 (1994). Statutes enacted to protect the public in general do not create a duty to individuals injured as a result of a violation of the statute. *Id.*

The Court need not reach the issue whether an individual right of action exists for violation of K.S.A. § 8–1907(a), because the record reveals no evidence from which a jury could reasonably find that UHI violated it. Plaintiff presents no evidence that UHI owned or controlled, maintained or serviced the vehicle in question. Indeed, plaintiff fails to establish that UHI had any knowledge of or involvement in the transaction whatsoever. Accordingly, UHI is entitled to summary judgment on plaintiff's claim for negligence per se.

**3. Res ipsa loquitur**

■ Finally, plaintiff claims that all defendants, including UHI, are liable under a theory of *res ipsa loquitur* because the trailer detached from the towing vehicle, and thus "the thing speaks for itself." The doctrine of *res ipsa loquitur* is a rule of evidence rather than substantive law. *Bias v. Montgomery Elevator Co.,* 216 Kan. 341, 343, 532 P.2d 1053, 1055 (1975). For the doctrine to apply, plaintiff must demonstrate (1) that the instrumentality causing the injury or damage was within UHI's exclusive control; (2) that

the occurrence is of a nature which does not occur in the absence of someone's negligence; and (3) that the occurrence was not due to her contributory negligence. *See id.*

 Plaintiff fails the first prong of the test. It is undisputed that the van was within the control of others at the time of the both the modification and the injury. Moreover, plaintiff has failed to establish that UHI ever had exclusive control over the van. Accordingly, the Court finds as a matter of law that the doctrine of *res ipsa loquitur* does not apply to UHI.

**IT IS THEREFORE ORDERED** that *Defendant U–Haul International, Inc.'s Motion For Summary Judgment* (Doc. # 82) filed January 16, 1998, should be and hereby is sustained.